S. F. MYER & CO. v. A. W. REEDY et al.

*Guaranty—Release of Guarantors.*

Where one guarantees the return of or payment for goods sold to another, he is entitled to notice, within reasonable time, of the default of the latter, and a delay of three years is unreasonable and discharges the guarantor.

CIVIL ACTION, tried before *Winston, J.,* at Fall Term, 1894, of LINCOLN Superior Court.

The plaintiffs sought to hold the defendants liable on a contract of guaranty contained in a letter which they wrote to the plaintiffs as follows:

"September 2, 1890.

"MESSRS. S. F. MYER & Co.,
       *48–50 Maiden Lane, New York, N. Y.*

"GENTLEMEN: Mr. A. A. Miller, of Lincolnton, desires to open account with your firm, and also wishes to receive goods on memorandum or consignment, either of the latter, for the purpose of selling and remitting the proceeds to you, the title of the same remaining with you, and subject to your demand.   In consideration of your firm allowing us a commission of one-eighth of one per cent. on the gross amount of goods he may purchase of you during the period of this guarantee, and for the further consideration of one dollar ($1) received from the said A. A. Miller (receipt of which is

MYER v. REEDY.

hereby acknowledged), we do hereby agree, guarantee and hold ourselves responsible for the return of any merchandise that you may so entrust to him, or sell him on your regular terms, five off 30 days or four months net, that he may now or hereafter desire, order or select from time to time, to and not exceeding the sum of seventy-five dollars ($75); and hereby agree and hold ourselves, our heirs, executors, administrators or assigns, liable and responsible for the payment of the same at maturity, or any time thereafter, hereby waive the receipt of monthly statements, and also waive all right of any exemption laws of this State, as far as our liability in this guarantee is concerned."

A jury trial was waived, and his Honor found as facts that Miller went out of business in 1891, having at that time more than $100 worth of goods on hand, and that he did not give the guarantors notice that he owed the plaintiffs anything; that defendants did not know it until April, 1894, and that had they known it within a year after default they could have saved themselves from loss. That plaintiffs did not notify defendants of the default, and paid them nothing for the guaranty. Miller testified that after the guaranty was made, plaintiffs, without the defendants' knowledge, gave him an extension of time. This was not contradicted. The last item in the account of goods sold to Miller was January 31, 1891. The last payment was on February 13, 1892.

His Honor rendered judgment for defendants, and plaintiffs appealed.

*Mr. R. T. Gray*, for plaintiffs (appellants).
*Messrs. S. G. Finley* and *D. W. Robinson*, for defendants.

PER CURIAM: We have examined the authorities cited by counsel, and are of the opinion that they sustain the judgment of the Court below.                    Affirmed.